IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROGER KING,                                    :
                                               :
          Petitioner,                          :
                                               :
     VS.                                       :        1 : 11-CV-55 (WLS)
                                               :
DANNIE THOMPSON,                               :
                                               :
          Respondent.                          :
_____:

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Doc. 8).  Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The Petition was executed on April 13, 2011, and filed on April 15, 2011. (Doc. 1).

On March 4, 1992, Petitioner pled guilty to possession of cocaine and obstruction of an officer.  Petitioner was sentenced to five years, and he did not appeal his guilty plea conviction or sentencing.  On April 22, 2008[1], Petitioner filed his state habeas petition in the Superior Court of Lowndes County challenging the 1992 guilty plea.  (*See* Doc. 10-1).  After an evidentiary hearing was held, the petition was denied on October 2, 2009. (Doc. 10-4).  Petitioner filed an application for a certificate of probable cause to appeal the denial, which was denied on November 22, 2010. (Doc. 10-5).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became

_____

[1]While the state habeas petition filed with the Court appears to be filed in March of 2009, both Petitioner and Respondent state that Petitioner filed his state habeas petition on April 22, 2008.

final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

In *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996.  Thus, these prisoners were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction.  *Id.*; *see also Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998).

Petitioner filed this habeas Petition challenging his March 4, 1992 guilty plea.  Petitioner did not file a direct appeal of his guilty plea, making the judgment of conviction final on April 3, 1992, the date on which the 30-day period for filing a notice of appeal expired.[2]  As Petitioner's conviction became final prior to the passage of the AEDPA, Petitioner had until April 23, 1997 in which to file this federal Petition or toll the limitations period by properly filing an application for state post-conviction or other collateral review.  *Wilcox*, 158 F.3d at 1209.

Petitioner did not file his state habeas petition until April 22, 2008, which was about eleven years after Petitioner's federal habeas period of limitations ran.  The tolling provision of § 2244(d)(2) therefore does not protect Petitioner.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).

In his Response to Respondent's Motion to Dismiss, Petitioner asserts that his Petition was timely filed pursuant to O.C.G.A. § 9-14-42(c)(1), which provides "that any person whose conviction has become final as of July 1, 2004, regardless of the date of the conviction, shall have until . . . July 1, 2008" to bring a state habeas petition.  (Docs. 11, 12).  However, the

---

[2]Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

Georgia habeas statute of limitations does not affect the AEDPA statute of limitations.  *See Clay v. U.S.*, 537 U.S. 522, 531 (2003) (federal law, rather than state law, determines when a state court conviction is final under § 2244(d)(1), and thus when the AEDPA limitation period begins); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is [properly] filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'."); *Balsewicz v. Kingston*, 425 F.3d 1029, 1034 (7th Cir. 2005) (holding that the respondent is not equitably estopped from asserting the habeas statute of limitations defense when a state has no statute of limitations for filing habeas relief because "[t]o hold otherwise would render the AEDPA limitations period ineffective").  Thus, the statute of limitations for filing Petitioner's federal habeas Petition expired on April 23, 1997, and the limitations period was not revived when Petitioner filed his state habeas petition.  *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004); *Tinker*, 255 F.3d at 1333.

　　　　As Petitioner did not file a habeas petition until more than one year after April 24, 1996, his federal habeas Petition is untimely.  Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

　　　　**SO RECOMMENDED**, this 1st day of November, 2011.


　　　　　　　　　　　　　　　　　　　s/ *THOMAS Q. LANGSTAFF*

　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

llf

3