IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROGER KING, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-55 (WLS) |
| | : | |
| DANNIE THOMPSON, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed November 1, 2011. (Doc. 13). It is recommended that Respondent's Motion to Dismiss This Federal Habeas Petition as Untimely (Doc. 8) be granted. (Doc. 13 at 1). The Recommendation provided the Parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. (*Id.*) The period for objections expired on Monday, November 21, 2011. (*See* generally Docket). Petitioner's Objection to the Recommendation was not filed until December 5, 2011, with no explanation provided for the delay. (Doc. 14). As such, it was not timely filed and will not be considered.[1]

---

[1] Petitioner's Objections, even if they were timely, are not convincing. Petitioner asserts that because the rejection of his state habeas claim did not "clearly and expressly" state that its judgment rested on a procedural bar, the Court should consider his federal habeas petition. Petitioner bases his argument off the Supreme Court's decision in Harris v. Reeds, 109 S. Ct. 1038 (1989). In Harris, the Supreme Court announced what became known as the "clear statement rule": a procedural default at the state level does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" stated its judgment rested on a state procedural bar. *Id* at 263. The Court finds that Harris is inapposite to the present situation. Petitioner's habeas claim is not invalid due to a state procedural bar; it is invalid because of a federal procedural bar instituted by 28 U.S.C. § 2244(d)(1)(A). As Judge Langstaff determined, Plaintiff failed to file a habeas petition within the federal habeas period of limitations. Petitioner's federal habeas petition was therefore untimely, and this Court finds that Petitioner's Objection (Doc. 14) fails to rebut the legally sound recommendation of Judge Langstaff.

1

2

Accordingly, the objections set forth in Petitioner's Objection (Doc. 14) are **OVERRULED** and United States Magistrate Judge Langstaff's November 1, 2011 Recommendation (Doc. 13) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 8) is **GRANTED**, and consequently Petitioner's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

**SO ORDERED**, this  28th  day of March, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**